UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHERIE SAFAPOU,<br><br>Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 19-cv-04623-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |
|---|---|

Now pending before the Court is Defendants' motion to dismiss the fifth through ninth claims for relief. (Dkt. No. 6.) For the reasons stated at oral argument on September 26, 2019, and as set forth below, Defendants' motion is GRANTED with leave to amend.

1. The intentional and negligent misrepresentation claims are dismissed with leave to amend. The complaint alleges that Plaintiff was fraudulently induced to make the April 2016 loan payment and to pay the Corporate Advances. However, the complaint does not adequately identify the alleged misrepresentations that induced Plaintiff, who made the representations, when they were made, what was untrue, and how Rushmore knew the representations were untrue. As a result, the complaint does not plausibly allege intentional or negligent misrepresentation.

2. The professional negligence claim is dismissed with leave to amend. Plaintiff has not alleged what "profession" Defendants were engaged in, let alone the standard of care that applies. *Giacometti v. Aulla, LLC*, 187 Cal. App. 4th 1133, 1137 (2010). Indeed, she does not cite any case that supports a professional negligence claim by a borrower against a loan servicer. While the Court grants Plaintiff leave to amend, the Court cautions that in the ordinary negligence context the economic loss rule generally

precludes recovery in the absence of physical injury. *See Erlich v. Menezes*, 21 Cal. 4th 543, 557 (1999); *Sheen v. Wells Fargo Bank, N.A.*, 38 Cal. App. 5th 346 (2019).

3. The negligent infliction of emotional distress claim is dismissed with leave to amend. As explained above, it fails because of the lack of physical injury from the alleged negligent conduct. The allegation that Plaintiff's emotional distress allegedly resulted in physical injury (fainting and falling) does not save the claim; the negligent conduct itself must create the physical injury or the risk of physical injury. *See Erlich*, 21 Cal. 4th at 557.

4. The intentional infliction of emotional distress claim is dismissed with leave to amend. The alleged conduct is not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Plaintiff's reliance on *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 204 (2012) is unpersuasive as in that case the plaintiff alleged the defendants had actually foreclosed on the plaintiff's home. No foreclosure, or even pending Notice of Default, is alleged here.

Plaintiff's amended complaint, if any, shall be filed within 30 days of this Order. The parties are referred to the Court's ADR program for a telephone conference to discuss ADR options and how best to proceed.

This Order disposes of Docket No. 6.

**IT IS SO ORDERED.**

Dated: September 26, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2