UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE SAFAPOU,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSHMORE LOAN MANAGEMENT, LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-04623-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**<br><br>Re: Dkt. No. 48 |

Plaintiff Cherie Safapou brings this foreclosure action against her current loan servicer Rushmore Loan Management LLC and the loan trustee Wilmington Savings Fund Society. After Plaintiff failed to file an opposition to Defendants' motion for summary judgment, the Court issued an Order to Show Cause. (Dkt. Nos. 42 & 47.) In response, Plaintiff filed the now pending motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).[1] (Dk. No. 48.)

Plaintiff may dismiss her suit only with Court approval because Defendants' motion for summary judgment is currently pending. *See* Fed. R. Civ. P. 41(a)(2). The decision to grant a Rule 41(a)(2) voluntary dismissal "is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co*., 679 F.2d 143, 145 (9th Cir. 1982). Generally, a Rule 41(a)(2) motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Here, Defendants did not file an opposition to Plaintiff's motion for voluntary dismissal, and the time to do so has run. *See* N.D.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8 & 11.)

1  Local R. 7-3(a).  Given that there has been no showing of legal prejudice, Plaintiff's motion for
2  voluntary dismissal is granted.

3        Plaintiff's motion is silent as to whether this dismissal should be with or without prejudice.
4  The "broad grant of discretion [in Rule 41] does not contain a preference for" dismissal with or
5  without prejudice. *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002). "Courts consider three
6  factors in determining whether to dismiss with or without prejudice: (1) the defendant's effort and
7  expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the
8  plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a
9  dismissal." *Senne v. Kansas City Royals Baseball Corp*., No. 14-CV-00608-JCS, 2016 WL
10 3648547, at *2 (N.D. Cal. July 6, 2016) (internal citation and quotation marks omitted; alteration
11 in original).

12       Plaintiff's motion for voluntary dismissal is based on the fact that her counsel learned in
13 September 2020 that the attorney who Plaintiff intended to disclose as an expert in this matter
14 (William Matz) had died.  (Dkt. No. 48-1 at ¶ 3.)  Plaintiff had already paid Mr. Matz $4,500 and
15 could not afford to pay another expert.  (*Id*. at ¶¶ 3-4.)  In addition, Plaintiff's counsel "relied upon
16 the accounting review of records" performed by Mr. Matz.  (*Id*. at ¶ 5.)  While Plaintiff's inability
17 to afford an expert in this action may explain her reason for seeking dismissal, it does not explain
18 her delay in doing so.  Plaintiff was aware of Mr. Matz's death a month before the expert
19 disclosure and dispositive motion deadlines.  However, Plaintiff did not notify Defendants of her
20 intent to dismiss this action until after Defendants filed their motion for summary judgment and
21 after the Court issued an order regarding Plaintiff's failure to oppose the motion for summary
22 judgment.  Plaintiff's delay in moving for voluntary dismissal resulted in Defendants needlessly
23 preparing their motion for summary judgment.  Under these circumstances, Plaintiff's lack of
24 diligence in seeking dismissal and Defendants' needless work preparing summary judgment weigh
25 in favor of dismissal with prejudice.

26       Accordingly, Plaintiff's motion for voluntary dismissal is GRANTED with prejudice.
27       Defendants' motion for summary judgment is DENIED as moot.
28       Plaintiff's counsel is ordered to serve this Order on Plaintiff and file proof of service of the

2

same within three days.

This Order disposes of Docket Nos. 42 & 48.

**IT IS SO ORDERED.**

Dated: December 3, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge